943 F.2d 54
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America Plaintiff/Appellee,
v.
Angelica Maria DOMINGUEZ, Defendant/Appellant.
 No. 90-3780.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 7, 1991.
Decided Sept. 11, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and ESCHBACH, Senior Circuit Judges.
 
 ORDER
 
 1
 Angelica Maria Dominguez was convicted by a jury of one count of conspiring to distribute and possessing with the intent to distribute cocaine in violation of 21 U.S.C. § 846. Ms. Dominguez was tried with Nancy Chucrala-Lugo, who was acquitted by the same jury. This appeal raises only one issue--whether the district court abused its discretion in refusing to suppress evidence or granting a severance for Ms. Dominguez after it was discovered that the government inadvertently failed to provide several transcripts to the defendants in a timely manner, as is required by Fed.R.Crim.P. 16. Because the district court allowed the defendant time to review the materials, as well as the opportunity to re-cross examine the relevant witness after discovery of the materials, we affirm the district court.
 
 I.
 
 2
 Ms. Dominguez was the subject of the Drug Enforcement Agency's (DEA) on-going effort to curb the illegal drug trade. As such, in February, 1990 confidential informant Domingo Alvarez contacted Ms. Dominguez to offer to supply her with cocaine so that she could establish a distribution network. Ms. Dominguez expressed interest in the enterprise and several weeks of negotiations ensued. These negotiations included discussions regarding quantity, price and the logistics of the anticipated transactions. Many of the conversations between Alvarez and Ms. Dominguez were taped and transcribed by DEA officials. These transcripts were introduced in evidence during the trial and given to the jury.
 
 
 3
 Eventually, on February 26, 1990, Ms. Dominguez and Alvarez arranged to meet at a restaurant in the Logan Square neighborhood in Chicago on February 27, 1990 to make a one-kilo cocaine deal. The arrangements were negotiated in a number of telephone conversations on February 26, 1990. Through government inadvertence, transcripts from two of the conversations of February 26 were not tendered to the defense or introduced during its direct examination of Alvarez.
 
 
 4
 On February 27, 1990 DEA Agent Rafael Tovar accompanied Alvarez to the restaurant, posing as Alvarez's supplier. Other DEA agents conducted surveillance of the restaurant. Ms. Dominguez arrived at the appointed time but left soon thereafter, refusing to consummate the transaction due to her suspicions that several cars near the restaurant contained surveillance personnel and individuals in the restaurant were drug agents.
 
 
 5
 Ms. Dominguez and Alvarez had at least two telephone conversations after the aborted deal. During those conversations the parties agreed to consummate the deal at the toll road rest stop in Des Plaines, Illinois later in the evening. Again, through government inadvertence the transcripts of these two conversations were not provided to the defense or entered into evidence during its direct examination of Alvarez.
 
 
 6
 The parties did meet at the toll plaza on the evening of February 27, 1990. After receiving a brown bag of cash from Ms. Chucrala-Lugo, Ms. Dominguez handed the bag to Agent Tovar, at which time she was arrested.
 
 
 7
 During cross-examination of Alvarez, it became apparent that although no transcripts had been introduced of two telephone conversations on February 26 and two telephone conversations on February 27, those conversations had indeed been taped and transcribed by DEA officials. Through some error, the transcripts were not forwarded to the Assistant U.S. Attorney prosecuting the case. Based on this discovery, both defendants moved for a mistrial, arguing that their cross-examinations would have been conducted differently had they had access to the missing transcripts. After defendant Chucrala-Lugo withdrew her motion, Ms. Dominguez moved for a severance.
 
 
 8
 The district court denied these motions, ruling instead that the defendants could have the weekend to study the transcripts and would be permitted to reopen their cross-examination of Alvarez. The government was then permitted to enter into evidence the four transcripts.
 
 II.
 
 9
 While the defendant's brief does not clearly articulate whether it is the district court's refusal to suppress the transcripts or its refusal to sever her trial from her co-defendant, our focus is on any prejudice suffered by Ms. Dominguez from the introduction of the transcripts. If no prejudice resulted to Ms. Dominguez neither the refusal to suppress the evidence or grant a severance were erroneous.
 
 
 10
 Rule 16 requires that the government provide the defense with "relevant written or recorded statements made by the defendant." Fed.R.Crim.P. 16(a). If the government fails to comply with this disclosure requirement, the court may impose any number of sanctions on the government, including, "[ordering] disclosure, grant a continuance or prohibit the party from introducing evidence not disclosed, or it may enter such other order as is deemed just under the circumstances." Fed.R.Crim.P. 16(d)(2).
 
 
 11
 This court reviews a district court ruling on a Rule 16 motion for an abuse of discretion. United States v. D'Antoni, 856 F.2d 975, 984 (7th Cir.1988). The Circuit has observed that such rulings are left to the sound discretion of the trial court and will be overturned only if it finds that such an abuse of discretion prejudiced the substantial rights of the defendant. Id.; United States v. Paiz, 905 F.2d 1014, 1027 (7th Cir.1990); United States v. Andrus, 775 F.2d 825, 849 (7th Cir.1985). Ms. Dominguez has failed to show that her rights were in any way prejudiced by the government's error. In fact, in her brief, Ms. Dominguez argues only that a severance should have been granted because she was prejudiced when her co-defendant took a contrary position on the motion for mistrial. Ms. Dominguez offers no argument that the district court's decision to allow her lawyer a weekend to review the newly revealed materials and allow for reopening of the cross examination of Alvarez was not "just under the circumstances."
 
 
 12
 Clearly, Rule 16 does not mandate that suppression or severance is required if its disclosure requirements are not met. Indeed, the Rule does not require that the district court impose any particular sanction. Rather, the decision is left to the sound discretion of the trial court. United States v. Beverly, 913 F.2d 337, 355 (7th Cir.1990). In the case at hand, the information contained in the missing transcripts was introduced to the jury through the testimony of Alvarez. Furthermore, the district court allowed time for examination of the transcripts, once revealed, and allowed for further cross-examination of Alvarez after their discovery. In fact, the record indicates that Ms. Dominguez did not avail herself of the opportunity to further cross-examine Alvarez.
 
 
 13
 The district court did not abuse its discretion by allowing time for examination and further cross-examination rather than imposing other sanctions, such as a mistrial, suppression of the transcripts or a severance. Ms. Dominguez has failed to prove that she was prejudiced by the district court's decision.
 
 
 14
 AFFIRMED.